UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-80767-CIV-MARRA/JOHNSON

FEDERAL INSURANCE COMPANY,
an Indiana Corporation,

    Plaintiff,

v.

BONDED LIGHTNING PROTECTION
SYSTEMS, INC., a Florida Corporation,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on Defendant's Motion for Leave to Amend Answer for Limited Purpose of Specifically Naming _Fabre_ Defendants (DE 34). Plaintiff filed a response in opposition (DE 36), and Defendant filed a reply (DE 37). The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises.

On July 15, 2008, Plaintiff Federal Insurance Company ("Plaintiff") filed its Complaint against Defendant Bonded Lightning Protection Systems, Inc. ("Defendant"). (DE 1). The Plaintiff, as subrogee of its insureds, William and Ida Pencer and 123 LLC, seeks damages based upon negligence, products liability, breach of contract, and breach of warranties. On December 22, 2008, the Court entered an Order (DE 22) granting in part and denying in part Defendant's motion to dismiss. Plaintiff filed an Amended Complaint on December 19, 2008 (DE 23).

In Defendant's Answer, Affirmative Defenses, and Demand for Jury Trial in Response to Plaintiff's Amended Complaint (DE 24), filed December 29, 2008, Defendant specifically

1

notified Plaintiff of its intent to name Fabre defendants for apportionment of damages. See Fabre v. Marin, 623 So. 2d 1182 (Fla. 1993). Defendant's Seventh Affirmative Defense states (1) that fault should be apportioned to Fabre defendants; (2) that "[t]he subject non-parties which may be liable are the general contractor, J.F. Brennan Design Build, L.C., and any and all sub-contractors, workers, independent contractors, employees, agents, or representatives on their behalf who were on the property at Casa Amado between the date of installation of the lighting protection system and the date of loss"; and (3) that "subject non-parties that may be liable whose identity is not known at this time will be identified to the Plaintiff and parties in the normal course of discovery." DE 24 at ¶ 7.

In the instant motion, Defendant seeks to amend its affirmative defenses to specifically name five additional Fabre defendants whom Defendants claim were responsible for the installation of certain wiring too close to the lightning protection system. Plaintiff opposes the motion, arguing that it is past the deadline to amend pleadings and that Defendant knew of these entities and their roles in the matter almost from the beginning of discovery.

When presented with a motion to amend the pleadings after the deadline in the Scheduling Order has passed, the Court must engage in a two-step analysis. First, the Court must determine whether the party seeking to amend the pleading has shown "good cause" for modifying the Scheduling Order. Fed. R. Civ. P. 16(b); see also Millennium Partners, L.P. v. Colmar Storage, LLC, 494 F.3d 1293, 1298-99 (11th Cir. 2007). If the party demonstrates good cause for modifying the Scheduling Order, the Court must then determine whether the amendment is proper under Rule 15(a). Millennium Partners, L.P., 494 F.3d at 1298-99. Rule 15(a) of the Federal Rules of Civil Procedures provides that a party may amend the party's

pleading "by leave of court or by written consent of the adverse party" and that "leave shall be freely given when justice so requires." In construing Rule 15(a), the Supreme Court has held that:

> In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

After careful review, the Court finds that Defendant has demonstrated good cause for the proposed modifications and that the amendments are proper under Rule 15(a). Defendant clearly put Plaintiff on notice in its intent to name additional Fabre defendants for apportionment of damages. See DE 24 at ¶ 7. Additionally, it is clear from the record that the parties have engaged in extensive and voluminous discovery in this case. Defendant represents that it did not learn the extent of the roles of the individuals and entities involved in the installation of low voltage wiring until the later stages of fact discovery, which closed within weeks of the filing of this motion. See DE 37 at 1-2 (characterizing Plaintiff's suggestion that Defendant knew of each entity's role almost from the beginning of discovery as "highly inaccurate"). In the context of the causes of action raised in this case, and in light of the fact that Plaintiff has been on notice throughout this proceeding that Defendant intended to specifically identify additional Fabre defendants as determined during the course of discovery, the Court finds that Defendant has demonstrated good cause to amend its affirmative defense. The Court also finds that Plaintiff will not be prejudiced by the amendment. Defendant shall be permitted to amend accordingly. Therefore, it is hereby

3

**ORDERED AND ADJUDGED** as follows: Defendant's Motion for Leave to Amend Answer for Limited Purpose of Specifically Naming <u>Fabre</u> Defendants (DE 34) is **GRANTED**. Defendant may amend its affirmative defenses to specifically identify the individual <u>Fabre</u> defendants. Defendant shall separately electronically file its amended answer and affirmative defenses.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of August, 2009.

                                            KENNETH A. MARRA
                                            United States District Judge

Copies furnished to:
all counsel of record